RECEIVED
IN ALEXANDRIA, LA
FEB 9 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BRUCE LANEHART<br>LA. DOC #303324<br>VS.<br><br>BURL CAIN, WARDEN | CIVIL ACTION NO. 08-1499<br><br>SECTION P<br>JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

On October 8, 2008, *pro se* petitioner Bruce Lanehart filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner is an inmate in the custody of Louisiana's Department of Corrections; he is incarcerated at the Louisiana State Penitentiary, Angola. Petitioner attacks his 2001 armed robbery conviction and the 40-year sentence imposed by the Twelfth Judicial District Court, Avoyelles Parish. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

On November 21, 2001 petitioner pled guilty to a charge of armed robbery; he was sentenced to serve 40-years at hard labor. [rec. doc. 1, ¶1-7]

Petitioner claims that he appealed from the judgment [rec. doc. 1, ¶8], however the presumptively reliable published jurisprudence of the State of Louisiana refutes that claim. Further, in his application for post-conviction relief filed in

the Twelfth Judicial District Court on March 11, 2005, petitioner alleged that he did not appeal his conviction and sentence. [See rec. doc. 1-4, Exhibit B, p. 4, ¶10]

On March 11, 2005 petitioner submitted a *pro se* application for post-conviction relief to the Clerk of Court for Avoyelles Parish. Petitioner argued claims of ineffective assistance of counsel based on counsel's failure to investigate petitioner's mental capacity and counsel's failure to present such evidence in mitigation; he also argued a claim of excessiveness of sentence.[1] [rec. doc. 1-4, Exhibit B, pp. 3-13]

On December 18, 2006 petitioner corresponded with the Clerk of Court seeking information on the status of his application for post-conviction relief. [rec. doc. 1-4, Exhibit C, p. 14]

His letter was apparently forwarded to Judge Bennett of the Twelfth Judicial District Court; on January 23, 2007 Judge Bennett advised petitioner that "... the last document filed in that proceeding is a Motion to Reconsider Sentence filed by you on May 27, 2003, which motion was denied." Judge Bennett further advised that there was no record of an application for post-conviction relief filed on March 11, 2005. [rec. doc. 1-4, Exhibit D, p. 15]

On January 29, 2007 petitioner filed a *pro se* petition for

---

[1] In the cover letter to the Clerk of Court petitioner referred to the application for post-conviction relief as an motion for out-of-time appeal. [rec. doc. 1-4, Exhibit A, p. 2] However, the application for post-conviction relief did not request an out-of-time appeal.

writ of mandamus in the Third Circuit Court of Appeals. Petitioner provided a date-stamped copy of his application along with a certified mail receipt [rec. doc. 1-4, Exhibits B and E] to establish that he had in fact filed his application for post-conviction relief in the District Court in March 2005. [rec. doc. 1-4, Exhibit F, pp. 17-21]

Petitioner's application for writ of mandamus was filed in the Third Circuit on February 1, 2007. On February 27, 2007, the Court transmitted a copy of the application for post-conviction relief to the District Court and ordered that Court to act on petitioner's application for post-conviction relief. [rec. doc. 1-4, Exhibit F, p. 22]

According to a later judgment of the Third Circuit Court of Appeals, the District Court ruled on Relator's Uniform Application for Post-Conviction Relief on April 20, 2007. [rec. doc. 1-4, Exhibit J, p. 37][2]

On May 1, 2007 petitioner submitted a *pro se* Motion to Amend and Supplement Post Conviction Claims in the Twelfth Judicial District Court. [rec. doc. 1-4, pp. 28- 31] On May 22, 2007 petitioner submitted a second *pro se* Motion to Amend and Supplement Post Conviction Claims in the Twelfth Judicial District Court. On the same date Judge Bennett denied this motion

---

[2] Petitioner did not provide a copy of the judgment denying relief; nor did he acknowledge the event in his pleadings.

3

noting, "Minutes of the court do not reflect the filing of an application for post-conviction relief." [rec. doc. 1-4, Exhibit G, pp. 23-25]

On May 21, 2007 petitioner submitted a *pro se* Motion for Appointment of Counsel to assist in the litigation of his post-conviction claims. That motion was also denied by Judge Bennett who noted, "There are no pending motions. Defendant entered a guilty plea." [rec. doc. 1-4, Exhibit H, pp. 26-27]

On June 18, 2007 petitioner filed a "Petition for Enforcement" in the Third Circuit Court of Appeals. [rec. doc. 1-4, Exhibit I, pp. 28-36]

On August 3, 2007, the Third Circuit denied relief and noted, "The district court ruled on Relator's Uniform Application for Post-Conviction Relief on April 20, 2007." [rec. doc. 1-4, Exhibit J, p. 37]

On August 16, 2007 and August 27, 2007 petitioner submitted a petition for rehearing and a Motion to Expand the Record to the Third Circuit Court of Appeals. [rec. doc. 1-4, Exhibit K, pp. 38-48]

On September 21, 2007 the Third Circuit returned petitioner's pleadings unfiled noting, "... this Court does not consider applications for rehearing on writs that have been denied. Please see Rule 2-18.7, Uniform Rules – Courts of Appeal..." [rec. doc. 1-4, p. 49]

On October 25, 2007 petitioner filed an application for writs in the Louisiana Supreme Court. [rec. doc. 1-4, p. 50]

On August 22, 2008 the Supreme Court denied writs citing La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189; La.C.Cr.P. art. 930.3; and, State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172. State of Louisiana ex rel. Lanehart v. State of Louisiana, 2007-2086 (La. 8/22/2008), 988 So.2d 258. [see also rec. doc. 1-4, p. 51]

Petitioner signed his *pro se* petition for writ of *habeas corpus* on September 29, 2008. [rec. doc. 1-3, p. 28] The pleadings were received and filed on October 8, 2008. Petitioner argues the following claims for relief: (1) excessive sentence [rec. doc. 1-3, p. 11]; (2) the appellate court erred in denying petitioner's "motion to enforce;" [rec. doc. 1-3, pp. 12-13]; (3) the writ denial by the Louisiana Supreme Court is unconstitutional [rec. doc. 1-3, pp. 13-17]; (4) ineffective assistance of counsel. [rec. doc. 1-3, pp. 18-27].

### Law and Analysis

#### 1. Limitations – 28 U.S.C. §2244(d)(1)(A)

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C.

§2244(d). Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); In Re Smith, 142 F.3d 832, 834, citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) provides a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan

---

[3] Nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered. Finally, nothing of record suggests that State created impediments prevented petitioner from timely filing this petition. (see 28 U.S.C. § 2244(d)(1)(B), (C), and (D)).

6

v. Johnson, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner pled guilty and was sentenced on November 12, 2001. [rec. doc. 1, ¶1-5; rec. doc. 1-3, p. 6] The available evidence establishes that he did not appeal.[4] Thus, for AEDPA purposes, petitioner's judgment of conviction and sentence, at the latest, "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], on or about November 20, 2001.[5] Under 28 U.S.C. §2244(d)(1) petitioner had

---

[4] As previously noted, petitioner claims that he appealed the judgment [rec. doc. 1, ¶8], however the presumptively reliable published jurisprudence of the State of Louisiana refutes that claim. Further, in his application for post-conviction relief filed in the Twelfth Judicial District Court on March 11, 2005, petitioner alleged that he did not appeal his conviction and sentence. [See rec. doc. 1-4, Exhibit B, p. 4, ¶10]

Finally, in all probability, petitioner was not entitled to an appeal. Under Louisiana law petitioner could not appeal his conviction since he entered a guilty plea. [See State v. Crosby, 338 So.2d 584, 586 (La. 1976)( "A plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea.")] Further, if the sentence was agreed upon prior to the plea, petitioner would have been unable to appeal the sentence. [See La. C.Cr.P. art. 881.2(A)(2) which provides: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."]

[5] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days. See also La. C.Cr.P. art. 13 which provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner pled guilty and was sentenced on Monday, November 12, 2001. The five day delay for filing an appeal commenced on November 13 and since Saturday November 17 and Sunday November 18 were intervening legal holidays, the 5 day period expired on Monday, November 19, 2001.

one year, or until November 20, 2002 to file his federal *habeas* petition.

Further, it does not appear that petitioner is entitled to the benefits of statutory tolling pursuant to §2244(d)(2). That statute provides, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The record submitted by the petitioner suggests that he did not seek post-conviction relief until March 11, 2005 [rec. doc. 1-4, Exhibit B, pp. 3-13] and by that time the limitations period had already long expired. As shown above, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court must be counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998).

Further, since his application for post-conviction relief was ultimately dismissed as untimely by the Louisiana Supreme Court,[6] it was never "properly filed" and thus could not have

---

[6] As noted above, the Supreme Court, in its August 22, 2008 writ denial, cited La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189; La.C.Cr.P. art. 930.3; and, State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172. See State of Louisiana ex rel. Lanehart v. State of Louisiana, 2007-2086 (La. 8/22/2008), 988 So.2d 258. In so doing, the Supreme Court determined that petitioner's March 11, 2005 application for post-conviction relief was untimely under the provisions of La. C.Cr.P. art. 930.8 which provides a two-year period of limitations for filing post-conviction proceedings.

served to toll limitations pursuant to §2244(d)(2). See <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 414-18, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(An untimely filed state post-conviction pleading is not "properly filed" so as to toll limitations under the AEDPA.)

In short, the available evidence establishes that the instant petition is time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

## 2. *Equitable Tolling*

The one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also <u>Fisher v. Johnson</u>, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting <u>Davis</u>, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See <u>Turner v. Johnson</u>, 177 F.3d 390, 291 (5th Cir.1999); see also <u>Barrow v. New Orleans S.S. Ass'n</u>, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances alleged herein are not extraordinary

enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." Coleman v. Johnson, 184 F.3d 398, 402 (1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

Of course, a claim of mental incompetence may support equitable tolling of the AEDPA time limit if the mental impairment precluded the prisoner from effectively asserting his legal rights. Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir.1999). Nevertheless such a claim of incompetence does not automatically entitle a prisoner to equitable tolling unless the petitioner has sufficiently alleged facts indicating that his incompetence impeded him from asserting his legal rights. *Id.* In support of the competency issue, petitioner has provided only conclusory allegations unsupported by factual proof.[7]

---

[7] In his memorandum in support of *habeas corpus*, petitioner alleged, "Petitioner asserts that the limitations of La. C.Cr.P. art. 930.4 and/or 930.8 do not apply to this application because the statute is tolled during the time a prisoner is incompetent, which Petitioner avers he has been and still is... Petitioner is still under the constant care of mental health professionals at the Louisiana State Penitentiary and his ability to think and comprehend limited as a result of his electrocution. Hence, Mr. Lanehart lacked the capacity to make an intelligent choice having no way to communicate

10

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and he is not eligible for the benefits of either statutory or equitable tolling.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date**

---

his claims, or attain proper legal assistance while at Angola until now." [rec. doc. 1-3, p. 14]

In his application for post-conviction relief, petitioner claimed that he was electrocuted in an industrial or work related accident when he was 22 years of age; however, he did not claim that this incident rendered him presently incompetent. Rather, he argued instead that his mental capacity at the time of the offense was "questionable." [rec. doc. 1-4, p. 11] Likewise, in the Motion to Amend filed in the Twelfth Judicial District Court in May, 2007, petitioner argued that as a result of the electrocution in 1990, he may have been "... incapacitated in some form at the time of the offense..." [rec. doc. 1-4, p. 29] In other words, petitioner did not ever claim present incapacity or incompetency in his pleadings before the Louisiana courts.

Petitioner will, of course, be afforded the opportunity to object to this Report and Recommendation; to the extent that he claims entitlement to equitable tolling based on his lack of present competency, he should be submit factual evidence to support such a claim.

11

of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See,* <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana February 9, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE